## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

DEANNA JOHNSON,

     Plaintiff,                             Case No.:  3:11-cv-506

v.

FORT WALTON BEACH HOUSING
AUTHORITY, GAIL SANSBURY, in her
Official Capacity as Executive Director
of the Fort Walton Beach Housing Authority,
and GAIL SANSBURY, in her Individual
Capacity,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES, DECLARATORY, & INJUNCTIVE RELIEF

Plaintiff, DEANNA JOHNSON, sues Defendants, FORT WALTON BEACH HOUSING AUTHORITY, GAIL SANSBURY, in her Official Capacity as Executive Director of the Fort Walton Beach Housing Authority, and GAIL SANSBURY, in her Individual Capacity, and alleges:

### PRELIMINARY STATEMENT

1.     Ms. Johnson brings this action based on her entitlement to continued participation in the United States Department of Housing and Urban Development (HUD) Section 8 Housing Choice Voucher Program (voucher program) operated by the Fort Walton Beach Housing Authority (FWBHA).

2. The voucher program provides assistance in the form of rental subsidies (Section 8 assistance) which FWBHA pays to private landlords on behalf of assisted families.

3. This cause of action concerns Defendants' termination of Ms. Johnson's Section 8 assistance.

4. Ms. Johnson seeks a declaration that Defendants' termination of her Section 8 assistance violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the United States Housing Act of 1937, and the United States Fair Housing Act.

5. Ms. Johnson seeks for the court to require Defendants to reinstate her Section 8 assistance, including ordering the FWBHA to retroactively reinstate her Section 8 assistance since October 1, 2010.

6. Ms. Johnson seeks from FWBHA and Gail Sansbury, in her individual capacity, damages resulting from the unlawful termination of her Section 8 assistance.

## JURISDICTION

7. Ms Johnson's claims arise under the Constitution and laws of the United States. This court has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331(a) and 1343(a)(3)-(4), and pursuant to its authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

## VENUE

8.     Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391(b) because the events upon which the Complaint is based took place in that district.

## PARTIES

9.     Plaintiff, DEANNA JOHNSON, is a natural person who at all times relevant hereto resided in Okaloosa County, Florida, and currently resides in a homeless shelter in Brooklyn, New York.

10.     Defendant Fort Walton Beach Housing Authority (FWBHA) is a public housing authority (PHA). FWBHA is a public body corporate and politic of the City of Fort Walton Beach, Okaloosa County, Florida, established pursuant to Chapter 421, Florida Statutes. Under 24 C.F.R. § 982.1, a PHA is a state or local governmental entity that administers the HUD Housing Choice Voucher Program. At all times relevant hereto FWBHA is and was charged with the duty of implementing the federal Section 8 voucher program in or around the City of Fort Walton Beach, including Okaloosa County.

11.     Defendant Gail Sansbury (Ms. Sansbury) is a natural person who at all times relevant hereto resided in Okaloosa County, Florida, and who, at all times relevant hereto, is and was employed by FWBHA as its Executive Director.

## STATUTORY AND REGULATORY BACKGROUND

12.     As set forth in 42 U.S.C. § 1437f(a), Congress established the Section 8 housing assistance program to aid "lower-income families in obtaining a decent place to live...."

3

13.     FWBHA has a written Section 8 Housing Choice Voucher Administrative Plan (Administrative Plan), Admissions and Continued Occupancy Policy, and Grievance Procedure that explain the policies through which FWBHA administers Section 8 rental assistance.

14.     24 C.F.R. § 982.555(e)(5) – Hearing procedures provides: *"Evidence.* The PHA and the family must be given the opportunity to present evidence, and may question any witnesses...."

15.     24 C.F.R. § 982.555(e)(6) – Hearing procedures provides: *"Issuance of decision.* The person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision. Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing...."

16.     24 C.F.R. § 982.54(c) provides: "The PHA must administer the program in accordance with the PHA administrative plan."

17.     FWBHA's Grievance Procedure provides, at Appendix A, Page 9: "At the [grievance] hearing, the Complainant must first make a showing of an entitlement to the relief sought and thereafter the FWBHA must sustain the burden of justifying FWBHA's action or failure to act against which the Complainant is directed."

18.     FWBHA's Grievance Procedure provides, at Appendix A, Page 11, that FWBHA's Board of Commissioners has the authority to review the written decision of the hearing officer, stating that the decision of the hearing officer is not binding upon the FWBHA, if "FWBHA's Board of Commissioners determines ... that ...[t]he decision of

the hearing officer is contrary to applicable Federal, State, or local law, HUD regulations or requirements of the Annual Contributions Contact [sic.] between HUD and the FWBHA."

## FACTUAL BACKGROUND

### Annual Recertification Meeting

19.     Deanna Johnson and Maurice Johnson, her husband, are the sole caregivers and providers for their three (3) minor children, currently ages 8, 6, and 3. The children, at all times relevant hereto, resided and continue to reside with Deanna Johnson and her husband.

20.     FWBHA notified Ms. Johnson in or about July 2010 that she was scheduled to have her annual recertification meeting on August 12, 2010.  The meeting notice provided that Ms. Johnson was not to bring minor children to the meeting.

21.     Ms. Johnson appeared on time on August 12, 2010, for her 8:30 a.m. recertification meeting with all paperwork that had been requested by FWBHA and that was necessary to recertify.  Upon arrival, Ms. Johnson "signed-in" for the meeting.

22.     Ms. Johnson took a seat and waited for approximately fifteen (15) minutes until an employee of FWBHA called Ms. Johnson's name in order to verify that she had brought all of the necessary paperwork with her.

23.     Before Ms. Johnson had a chance to show the FWBHA employee that she had brought all necessary paperwork, the FWBHA employee told Ms. Johnson that she would not be permitted to attend her recertification meeting without her husband.

24.     Ms. Johnson informed the FWBHA employee that her husband was not with her because he was at home caring for their youngest child, for whom they could not afford to hire childcare, because FWBHA had instructed her not to bring children to the meeting.

25.     FWBHA told Ms. Johnson the only way she could recertify was if Mr. Johnson was present.  Ms. Johnson told the FWBHA employee that she would go home and get Mr. Johnson.

26.     Ms. Johnson immediately returned to her home for Mr. Johnson and immediately returned to the recertification with her husband and their youngest child.

27.     When the Johnsons arrived they attempted to enter the recertification meeting with their paperwork but FWBHA would not allow them to enter because they had brought their child.

28.     The FWBHA proceeded to conduct Ms. Johnson's recertification meeting without her, even though she and her husband were just outside of the meeting room with all of the necessary paperwork.

29.     Neither FWBHA's Administrative Plan nor its Admissions and Continued Occupancy Policy states that children are not allowed at recertification meetings.

30.     Neither FWBHA's Administrative Plan nor its Admissions and Continued Occupancy Policy provides that all persons over the age of eighteen (18) must attend the recertification meeting.

**FWBHA's August 12, 2010, Termination Letter**

31.     In a letter dated August 12, 2010, FWBHA advised Ms. Johnson that her rental assistance would be terminated, effective September 30, 2010.  The letter states:

> **The reason for the termination is violation of the Section 8 Family Obligations:  The family must supply any information requested by the HA or HUD for use in a regularly scheduled reexamination or interim reexamination of family income and composition in accordance with HUD requirements.   Failure to comply with the Annual Re-certification.   (You missed two scheduled appointments and/or failed to provide required documents at the appointment.)**

(Emphasis in original).

**Informal Hearing**

32.     Ms. Johnson timely requested an informal hearing to review FWBHA's decision to terminate her Section 8 assistance.

33.     Ms. Johnson and her husband attended their informal hearing on or about August 18, 2010.

34.     There is no transcript or recording of the informal hearing.

35.     FWBHA would not allow Mr. Johnson to attend or testify at the informal hearing because he again had their youngest child, for whom they could not afford childcare, with him.

36.     Therefore, the only people present at the informal hearing were:  Deanna Johnson; Jessica Horne, f/k/a, Jessica Faircloth, a FWBHA case manager; and Teresa Griffith, Hearing Officer.

37.    At the informal hearing, FWBHA did not present any evidence supporting a finding that Ms. Johnson refused to supply FWBHA with any requested recertification paperwork.

38.    At the informal hearing, Ms. Johnson brought the same paperwork she brought with her to her recertification meeting on August 12, 2010, and offered to show it to the hearing officer, but the Hearing Officer said she did not need to see the paperwork.

39.    In addition, Ms. Johnson testified to the Hearing Officer that she had brought all requested paperwork to her recertification on August 12, 2010, that she attempted to submit the paperwork but FWBHA refused to accept it, that she was initially turned away from the meeting because her husband was at home with their child, and that they subsequently were turned away again when the Johnsons returned with their child.

**FWBHA's August 23, 2010, Termination Letter**

40.    Then, in a letter dated August 23, 2010, FWBHA informed Ms. Johnson that she was terminated from participation in the Section 8 program "[d]ue to [her] failure to comply with the rules and regulations of the Section 8 program." The letter does not state how Ms. Johnson purportedly failed to comply or with which rules and regulations she allegedly did not comply. The letter also advised Ms. Johnson of the following: "Should you desire to have this decision of termination reviewed by the Board Chair, request the form from the Fort Walton Beach Housing Authority."

**The Hearing Result**

41.     In a letter dated August 26, 2010, to Ms. Johnson, the Hearing Officer

concluded Ms. Johnson did not comply with 24 C.F.R. § 982.551(a) and (b)(1) and

(b)(2), stating:

> As you know, Mrs. Faircloth read aloud the violation of family
> obligations, which stated that you missed two scheduled appointments
> and/or failed to provide documents at the appointment....
>
> Unfortunately, you must provide all requested data and attend the re-
> certification group meeting to approve your participations annually for the
> Section 8 Program.  You provided no reasonable emergency in your
> family that would have prevented you from obtaining the information
> requested by your case manager.  Therefore, I cannot over turn [sic.] the
> Fort Walton Beach Housing Authority decision to terminate your
> assistance.  It is my determination that the Section 8 Department has
> followed the code of regulations set before them to follow by H.U.D.  You
> will have a three year waiting period before you are eligible to reapply for
> the Section 8 Program.

**Appeal to FWBHA Board of Commissioners**

42.     Ms. Johnson appealed FWBHA's termination of her family's Section 8

assistance to the FWBHA Board of Commissioners (BOC).

43.     On October 5, 2010, BOC reconvened at a "special call meeting" to

consider the termination of Ms. Johnson's family's and one other family's Section 8

assistance.

44.     At the Special Call Meeting, BOC voted to overturn the termination of

each family's Section 8 assistance.

45.     On October 15, 2010, BOC reconvened and rescinded its previous

decision to overturn FWBHA's termination of Ms. Johnson's family's Section 8

assistance.  At that meeting an attorney for FWBHA misinformed BOC that it did not

have the authority to overturn FWBHA's termination of Ms. Johnson's family's Section 8 assistance.

**The Johnson Family's Eviction**

46.     FWBHA paid the Johnsons' landlord until September 2010 and did not make any payments thereafter.

47.     At the time of their termination, Ms. Johnson's family's rent was $1,000.00 per month, which was completely subsidized by FWBHA under the Section 8 program.

48.     Because FWBHA stopped providing Ms. Johnson and her family with Section 8 assistance in September 2010, and the Johnsons otherwise did not have the financial means to pay their rent, the Johnsons were unable to pay their rent and Ms. Johnson's family was evicted.

**The Johnson Family's Current Housing Status**

49.     Because of Ms. Johnson's family's inability to afford rent, and having lived with friends and family for as long as possible, Ms. Johnson, her husband, and their three (3) young children have been forced to move into a homeless shelter, where they have been living since June 2, 2011.

50.     Ms. Johnson is without any adequate remedy at law.

**COUNT 1**
**42 U.S.C. § 1983 – Fourteenth Amendment**

51.     Plaintiff incorporates by reference the foregoing paragraphs.

52.     Count 1 is a 42 U.S.C. § 1983 claim against Defendants for violation of Ms. Johnson's Due Process rights secured under the Fourteenth Amendment to the United States Constitution.

53.     The Fourteenth Amendment to the United States Constitution prohibits a State from "depriv[ing] any person of . . . property, without due process of law...."

54.     42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

55.     Defendants are "persons" under 42 U.S.C. § 1983.

56.     Defendants at all times relevant to this action were acting "under color" of state law.

57.     Ms. Johnson's participation in the Section 8 Housing Choice Voucher Program, administered by FWBHA, is a property interest protected by the constitutional requirement of due process.

58.     Ms. Johnson has asserted a procedural due process claim against the Defendants for failing to provide due process in the deprivation of a protected liberty interest.

59.     Defendants failed to accord Ms. Johnson due process by:

a.  not allowing Mr. Johnson to testify at the informal hearing;

b.  failing to accord Ms. Johnson the right to have the burden of proof be upon FWBHA to establish by a preponderance of the evidence, as required by *Basco v*

Machin, 514 F. 3d 1177, 1182 (11th Cir. 2008) and 24 C.F.R. § 982.555(e), that she failed to "supply any information that the PHA or HUD determines is necessary in the administration of the program, including submission of required evidence of citizenship or eligible immigration status (as provided by 24 CFR part 5)," as required by 24 C.F.R. § 982.551(b)(1);

      c.  failing to accord Ms. Johnson the right to have the burden of proof be upon FWBHA to establish by a preponderance of the evidence, as required by *Basco v Machin*, 514 F. 3d 1177, 1182 (11th Cir. 2008) and 24 C.F.R. § 982.555(e), that she failed to "supply any information requested by the PHA or HUD for use in a regularly scheduled reexamination or interim reexamination of family income and composition" as required by 24 C.F.R. § 982.551(b)(2);

      d.  failing to issue a written statement that complies with 24 C.F.R. § 982.555(e)(6) and explains the reasons for FWBHA's decision beyond a bare and conclusory statement of the hearing decision;

      e.  having and implementing a grievance policy, attached as Exhibit A, that improperly places the initial burden at an informal hearing on the Section 8 Assistance recipient rather than the PHA, contrary to *Basco v. Machin*, 514 F.3d 1177, 1182 (11th Cir. 2008), and 24 C.F.R. § 982.555(e)(6); and

      f.  discontinuing payment of Ms. Johnson's Section 8 assistance prior to a final decision regarding the termination of her Section 8 assistance.

      60.    Defendants through their conduct have deprived, without due process, Ms. Johnson of her entitlement to Section 8 assistance.

## COUNT 2
### 42 U.S.C. § 1983 – United States Housing Act of 1937

61.     Plaintiff incorporates by reference paragraphs 1 through 50.

62.     Count 2 is a 42 U.S.C. § 1983 claim against Defendants for violation of Ms. Johnson's rights under the United States Housing Act of 1937, as amended, 42 U.S.C. §§ 1437-1437z-8.

63.     42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

64.     Defendants are "persons" under 42 U.S.C. § 1983.

65.     Defendants at all times relevant to this action were acting "under color" of state law.

66.     Plaintiff has a federal right under the United States Housing Act of 1937, 42 U.S.C. §§ 1437-1437z-8 (the Housing Act), as amended, enforceable under 42 U.S.C. § 1983, to challenge Defendants' illegal failure to comply with the Housing Act's requirements and implementing regulations, 24 C.F.R. §§ 982.1-982.643.

67.     As a direct and proximate result of Defendants' violation of the Housing Act and its implementing regulations, Plaintiff's Section 8 assistance has been unlawfully terminated.

68.     Defendants violated the Housing Act by:

a.   failing to administer the PHA program in accordance with FWBHA's administrative plan, as required by 24 C.F.R. § 982.54(c), by requiring Ms. Johnson to have her husband with her at her annual recertification meeting;

b.   failing to administer the PHA program in accordance with FWBHA's administrative plan, as required by 24 C.F.R. § 982.54(c), by refusing to allow Ms. Johnson to attend her annual recertification meeting because she had a child with her;

c.   failing to administer the PHA program in accordance with FWBHA's administrative plan, as required by 24 C.F.R. § 982.54(c), by terminating Ms. Johnson's Section 8 assistance because she brought a child to her annual recertification meeting;

d.   failing to administer the PHA program in accordance with 24 C.F.R. § 982.555(e)(5) by refusing to allow Mr. Johnson to testify at the informal hearing;

e.   failing to accord Ms. Johnson the right to have the burden of proof be upon FWBHA to establish by a preponderance of the evidence, as required by *Basco v Machin*, 514 F. 3d 1177, 1182 (11th Cir. 2008) and 24 C.F.R. § 982.555(e), that she failed to "supply any information that the PHA or HUD determines is necessary in the administration of the program, including submission of required evidence of citizenship or eligible immigration status (as provided by 24 CFR part 5)," as required by 24 C.F.R. § 982.551(b)(1);

f.   failing to accord Ms. Johnson the right to have the burden of proof be upon FWBHA to establish by a preponderance of the evidence, as required by *Basco v Machin*, 514 F. 3d 1177, 1182 (11th Cir. 2008), and 24 C.F.R. § 982.555(e), that Ms. Johnson failed to "supply any information requested by the PHA or HUD for use in a

regularly scheduled reexamination or interim reexamination of family income and composition" as required by 24 C.F.R. § 982.551(b)(2);

g.   failing, as required by 24 C.F.R. § 982.555(e)(6), to issue a written statement explaining the reasons for FWBHA's decision beyond a bare and conclusory statement of the hearing decision; and

h.   having and implementing a grievance policy, attached as Exhibit A, that improperly places the initial burden at an informal hearing on the Section 8 Assistance recipient rather than the PHA, contrary to *Basco v. Machin*, 514 F.3d 1177, 1182 (11th Cir. 2008), and 24 C.F.R. § 982.555(e)(6).

69.   As a direct and proximate result of Defendants' violation of the Housing Act and its implementing regulations, Plaintiff's Section 8 assistance has been unlawfully terminated.

70.   Defendants through their conduct have deprived, in violation of the Housing Act, Ms. Johnson of her entitlement to Section 8 assistance.

**COUNT 3**
**42 U.S.C. §§ 3601-3631 – United States Fair Housing Act**

71.   Plaintiff incorporates by reference paragraphs 1 through 50.

72.   Count 3 is a claim against Defendants for violation of Ms. Johnson's rights under the United States Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3631.

73.   42 U.S.C. § 3604(b) states that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."

74.     Pursuant to 42 U.S.C. § 3613, Ms. Johnson may enforce her rights under the Fair Housing Act and recover actual and punitive damages, as well as reasonable attorney's fees and costs.

75.     Defendants violated the Fair Housing Act by:

a.     refusing to allow Ms. Johnson to participate in her recertification meeting because she had one of her children with her;

b.     refusing to allow Mr. Johnson to testify at the grievance hearing because he had one of their children with him; and

c.     terminating Ms. Johnson's Section 8 assistance because she brought one of her children to her recertification appointment.

76.     Defendants through their conduct have deprived, in violation of the Fair Housing Act, Ms. Johnson of her entitlement to Section 8 assistance.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

(1)     Declare Defendants deprived Ms. Johnson of the right not to be deprived of property without due process of law when they terminated her Section 8 assistance;

(2)     Declare Defendants violated the United States Housing Act of 1937, as amended, 42 U.S.C. §§ 1437-1437z-8, when they terminated Ms. Johnson's Section 8 assistance;

(3)     Declare Defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601-3631, when they refused to allow Ms. Johnson to participate in their recertification meeting because she had her minor child with her;

(4)     Declare Defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601-3631, when they refused to allow Mr. Johnson to attend or testify in the grievance hearing because he had the Johnsons' minor child with him;

(5)     Declare Defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601-3631, when they terminated Ms. Johnson's Section 8 assistance because she brought her minor child to her recertification appointment;

(6)     Order the Fort Walton Beach Housing Authority and Gail Sansbury, in her official capacity as Executive Director of the Fort Walton Beach Housing Authority, to reinstate Ms. Johnson's Section 8 assistance, including ordering the Fort Walton Beach Housing Authority to retroactively reinstate Ms. Johnson's Section 8 assistance since March 2011;

(7)     Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 3613;

(8)     Award punitive damages against Gail Sansbury, in her Individual Capacity; and

(9)     Grant such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable before a jury.

Respectfully Submitted,

The North Florida Center For Equal Justice, Inc.

BY: _____

      Jill B. Zaborske
      Fla. Bar No. 621005
      Jamie Ito
      Fla. Bar No. 13553
      Edward J. Grunewald
      Fla. Bar No. 612472
      2121 Delta Blvd.
      Tallahassee, FL 32303
      Phone: (850) 701-3980
      Fax: (850) 701-3985

**VERIFICATION**

Under penalty of perjury I swear that the foregoing is true.

_Deanna Johnson_
Deanna Johnson

The foregoing instrument was acknowledged before me this _21_ day of _Sept_ ,
2011, by Deanna Johnson, who is personally known to me or produced _lic._ as
identification.

_Marie L Delince_
Notary Public

[SEAL]

Marie L Delince
Notary Public
No.01DE5080938
Commission Expires June 30, 2013

19